# UNITED STATES DISTRICT COURT

## DISTRICT OF NEVADA

GIOVANNI KURTZE

     Plaintiff

v.

JOSEPH LOMBARDO, et al.,

     Defendant

Case No.: 2:18-cv-01438-JAD-BNW

**Order Granting Application to Proceed In Forma Pauperis and Dismissing Action with Prejudice**

[ECF No. 1]

Plaintiff Giovanni Kurtze brings this *pro se* civil-rights action under 42 U.S.C. § 1983 to challenge events that he alleges occurred during his custody at the Clark County Detention Center. On June 4, 2019, the Court issued an order dismissing Kurtze's second amended complaint with leave to amend his Fourteenth Amendment claim and directed Kurtze to file any amended complaint by August 2, 2019.[1] That deadline has now expired, and Kurtze has not filed an amended complaint, filed a motion to voluntarily dismiss the action, or otherwise responded to the Court's order.

District courts have the inherent power to control their dockets and "[i]n the exercise of that power, they may impose sanctions including, where appropriate . . . dismissal" of a case.[2] A court may dismiss an action, with prejudice, based on a party's failure to prosecute an action, failure to obey a court order, or failure to comply with local rules.[3] To do so, the the court must

---

[1] ECF No. 11 at 8.

[2] *Thompson v. Hous. Auth. of City of Los Angeles*, 782 F.2d 829, 831 (9th Cir. 1986).

[3] *See Ghazali v. Moran*, 46 F.3d 52, 53-54 (9th Cir. 1995) (dismissal for noncompliance with local rule); *Ferdik v. Bonzelet*, 963 F.2d 1258, 1260-61 (9th Cir. 1992) (dismissal for failure to comply with an order requiring amendment of complaint); *Carey v. King*, 856 F.2d 1439, 1440-41 (9th Cir. 1988) (dismissal for failure to comply with local rule requiring *pro se* plaintiffs to keep court apprised of address); *Malone v. U.S. Postal Service*, 833 F.2d 128, 130 (9th Cir.

consider several factors: (1) the public's interest in expeditious resolution of litigation; (2) the court's need to manage its docket; (3) the risk of prejudice to the defendants; (4) the public policy favoring disposition of cases on their merits; and (5) the availability of less drastic alternatives.[4]

Here, the first two factors, the public's interest in expeditiously resolving this litigation and the Court's interest in managing the docket, weigh in favor of dismissal. The third factor, risk of prejudice to defendants, also weighs in favor of dismissal, since a presumption of injury arises from the occurrence of unreasonable delay in filing a pleading ordered by the court or prosecuting an action.[5] The fourth factor—the public policy favoring disposition of cases on their merits—is greatly outweighed by the factors in favor of dismissal discussed herein. Finally, a court's warning to a party that his failure to obey the court's order will result in dismissal satisfies the "consideration of alternatives" requirement.[6] The Court's order requiring Kurtze to file an amended complaint within 30 days expressly stated: "If plaintiff does not file a proper third amended complaint or a motion for a voluntary dismissal by August 2, 2019, I will rule on the application to proceed in forma pauperis, and this action will be dismissed with prejudice for failure to state a claim."[7] Thus, Kurtze had adequate warning that dismissal would result from his noncompliance with the Court's order to timely file an amended complaint.

---

1987) (dismissal for failure to comply with court order); *Henderson v. Duncan*, 779 F.2d 1421, 1424 (9th Cir. 1986) (dismissal for lack of prosecution and failure to comply with local rules).

[4] *Thompson*, 782 F.2d at 831; *Henderson*, 779 F.2d at 1423-24; *Malone*, 833 F.2d at 130; *Ferdik*, 963 F.2d at 1260-61; *Ghazali*, 46 F.3d at 53.

[5] *See Anderson v. Air West*, 542 F.2d 522, 524 (9th Cir. 1976).

[6] *Ferdik*, 963 F.2d at 1262; *Malone*, 833 F.2d at 132-33; *Henderson*, 779 F.2d at 1424.

[7] ECF No. 11 at 8.

IT IS THEREFORE ORDERED that the application to proceed *in forma pauperis* without having to prepay the filing fee **[ECF No. 1] is GRANTED**.[8] Petitioner need not pay an initial installment fee, prepay fees or costs or provide security for fees or costs, but he is still required to pay the full $350 filing fee under 28 U.S.C. § 1915, as amended. This full filing fee will remain due and owing even though this case is being dismissed.

In order to ensure that petitioner pays the full filing fee, IT IS FURTHER ORDERED that the Nevada Department of Corrections must pay to the Clerk of the United States District Court, District of Nevada, 20% of the preceding month's deposits to the account of **Giovanni Kurtze, #1206860** (in months that the account exceeds $10.00) until the full $350 filing fee has been paid for this action. The Clerk is directed to SEND a copy of this order to the attention of **Chief of Inmate Services for the Nevada Department of Prisons,** P.O. Box 7011, Carson City, NV 89702.

It is further ordered that THIS ACTION IS DISMISSED WITH PREJUDICE based on Plaintiff's failure to file an amended complaint in compliance with this Court's June 4, 2019, order and for failure to state a claim. The Clerk of Court is directed to ENTER JUDGMENT accordingly and CLOSE THIS CASE.

Dated: August 15, 2019

_____
U.S. District Judge, Jennifer Dorsey

---

[8] This order granting *in forma pauperis* status does not extend to the issuance or service of subpoenas at government expense.